J-A14006-22
J-A14007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| E.K. AND M.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LANCASTER COUNTY CHILDREN AND | : | No. 70 MDA 2022 |
| YOUTH SERVICES | : | |
| | : | |

Appeal from the Order Entered December 13, 2021
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-19-02678

| | | |
|---|---|---|
| IN RE: ADOPTION OF: O.J.K., A | : | IN THE SUPERIOR COURT OF |
| MINOR | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: D.K. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 71 MDA 2022 |

Appeal from the Order Entered December 13, 2021
In the Court of Common Pleas of Lancaster County Orphans' Court at
No(s):  2019-01158

BEFORE:   BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED:  SEPTEMBER 14, 2022**

Both of these cases involve appeals from the trial court's order, dated

December 13, 2021.  The first appeal was filed by E.K. and M.K. (Paternal

Grandparents), who are seeking custody of one of their grandchildren, O.J.K.

_____

[*] Former Justice specially assigned to the Superior Court.

(Child), born in January of 2014.[1]  The second case involves D.K., Father's sister, who is seeking to adopt Child.  The trial court concluded that both petitions lacked merit.  Rather, the trial court granted the adoption petition filed by S.M., a maternal aunt of Child, after holding ten (10) hearings throughout 2021.  The various petitions filed in these matters were all addressed by the trial court in a consolidated manner in a single order and in one extensive opinion.  Therefore, we have consolidated the two cases.

Initially, we note that both Paternal Grandparents and D.K. (Appellants) are appealing to this Court *pro se*.  Moreover, Appellants' briefs in both cases are nearly identical and the pages are not numbered.  Most notably, the sections of Appellants' briefs, entitled "Statement of Questions Involved," consist of a single paragraph covering pages 8 through 11 of each of the briefs in violation of Pa.R.A.P. 2116.  There are no numbered issues listed. Furthermore, the "Argument" section of each brief extends only from pages 21 to 22 and contains no citations to legal authority, neither statues nor caselaw, as required by Pa.R.A.P. 2119.

As just noted, our review reveals that Appellants have failed to comply with a number of the briefing requirements set forth in Pa.R.A.P. 2111-2119. "[A]ppellate briefs and reproduced records must materially conform to the Pennsylvania Rules of Appellate Procedure.  This court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the

---

[1] The parental rights of Child's parents, A.M. (Mother) and D.K. (Father), were involuntarily terminated in 2019.  They are not parties to these appeals.

Pennsylvania Rules of Appellate Procedure." ***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005). ***See also*** Pa.R.A.P. 2111-2119 (setting forth in detail the required content of appellate briefs). When a party's brief fails to conform to the requirements of the Rules of Appellate Procedure, and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Pa.R.A.P. 2101. Rule 2101 provides that "[b]riefs … shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief … of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."

We further recognize that "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003). Therefore, "a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Id.*** at 252.

Having reviewed the nearly identical briefs filed by Appellants in both cases, we recognize substantial violations of the Rules of Appellate Procedure. In addition to the violations listed above, *i.e.*, in the "Statement of Questions Involved" and the "Argument" sections, the "Summary of Argument," which is to be concise, extends from page 14 to page 19. ***See*** Pa.R.A.P. 2118 (stating that "[t]he summary of argument shall be a concise, but accurate, summary of the arguments presented in support of the issues in the statement of questions involved"). Moreover, "[t]he Rules of Appellate Procedure state

unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Failure to do so constitutes waiver of the claim." ***Giant Food Stores, LLC v. THF Silver spring Dev., L.P.***, 959 A.2d 438, 444 (Pa. Super. 2008) (citations omitted); Pa.R.A.P. 2119(a) and (b).

Even if this Court would attempt a liberal construction of Appellants' briefs, it would not remedy the substantial inadequacies and failures to comply with the Rules of Appellate Procedure contained in the briefs. Accordingly, we are compelled to quash the two appeals due to the briefing defects, which impede our ability to conduct meaningful appellate review.

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/14/2022